NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 14 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CIRILA VERASTEGUI-ARAUJO, AKA Asminda Valle, AKA Cirila Verastegui, AKA Asminda Verastegui-Valle,<br><br>             Petitioner,<br><br>  v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>             Respondent. | No.   14-73886<br><br>Agency No. A088-639-160<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 12, 2018[**]

Before:    RAWLINSON, CLIFTON, and NGUYEN, Circuit Judges.

Cirila Verastegui-Araujo, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal

from an immigration judge's decision denying her applications for withholding of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We review for substantial evidence the agency's factual findings. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We review for abuse of discretion the agency's particularly serious crime determinations. *Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1077 (9th Cir. 2015). We deny the petition for review.

The record does not support Verastegui-Araujo's contention that the agency erred in its credibility determination, where the BIA assumed she was credible with respect to her CAT claim, and it did not rely on the police report to which she objects. Accordingly, we need not reach Verastegui-Araujo's contention that the police report was inadmissible. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to reach non-dispositive issues).

Substantial evidence supports the agency's denial of CAT relief, where Verastegui-Araujo failed to show it was more likely than not that a Mexican government official would consent or acquiesce to her torture. *See* 8 C.F.R. § 1208.18(a)(1).

The agency did not abuse its discretion in determining Verastegui-Araujo's residential burglary conviction under California Penal Code § 459 was a particularly serious crime barring her from eligibility for withholding of removal,

14-73886

where it applied the appropriate factors to weigh the seriousness of the crime in a case-specific inquiry. *See Avendano-Hernandez*, 800 F.3d at 1077 (The court's review "is limited to ensuring that the agency relied on the appropriate factors and proper evidence to reach [its] conclusion.").

We deny Verastegui-Araujo's motion to remand (Docket Entry No. 23) pursuant to *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015). Verastegui-Araujo was not charged as removable or denied relief based on a crime of violence determination. Therefore, *Dimaya v. Lynch*, and *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018), which concluded that the residual clause of the federal criminal code's definition of "crime of violence," as incorporated into the Immigration and Nationality Act's definition of aggravated felony, was impermissibly vague in violation of due process, are inapposite to her case.

**PETITION FOR REVIEW DENIED.**